EUGENE M. COLLOTY v. KATE SCHUMAN, PROSECUTRIX.

Argued February 20, 1907—Decided June 10, 1907.

1. In a suit by a real estate broker for commissions on the rental of the defendant's hotel property it appeared at the trial that the agreement for the commissions was made by plaintiff, not with the defendant, who was owner of the property, but with her son; that plaintiff secured a tenant and made a lease to her, which was signed, not by the defendant, but by her son as the lessor, without any reference to the character in which he signed, whether as agent or otherwise. In the effort to prove that the agreement for commissions was made by the son as agent for his mother, he was called as a witness by the plaintiff, and was permitted to testify, over objection, that in signing the lease he represented his mother. Upon review—*Held*, the evidence was properly admitted.

2. It further appearing by the evidence that prior to the rental defendant and her son both at different times visited the office of plaintiff, and that the defendant gave instructions to the plaintiff to rent the property, upon which he acted, and that part payment of the commissions had been made by check received from defendant—*further held*, that motions to nonsuit and direct a verdict for defendant were properly denied.

On *certiorari*.

Before Justices FORT, HENDRICKSON and PITNEY.

For the plaintiff in *certiorari, Thompson & Cole*.

For the defendant in *certiorari, Eli H. Chandler*.

The opinion of the court was delivered by

HENDRICKSON, J.   This writ brings up for review a judgment of the District Court of Atlantic City entered upon a verdict.   The suit was brought to recover commissions claimed by Mr. Colloty, the plaintiff, to be due him as a real estate broker upon the rental of the Hotel Wellington, owned by Mrs. Schuman, the defendant, and located in that city. The alleged errors arise out of the refusal of the trial judge to nonsuit and to direct a verdict for the defendant and upon the admission of evidence.   In support of the first ground it is contended that there was no legal evidence to support the plaintiff's demand, which was based upon an alleged contract or agreement between the parties for the payment of $150 for procuring a tenant for the premises named.   The case showed that a parol agreement to pay the commission named for the rental was made between Edward Schuman, a son of the defendant, and the plaintiff.   The plaintiff's contention was, and is, that the son entered into the agreement as agent for his mother, who owned the property, and it follows that the plaintiff's right to recover depends upon proof of such agency. The judge submitted this question to the jury and it rendered a verdict for the amount of the demand.

In obedience to a rule of court, the judge has certified that

there was evidence to go to the jury from which they could find liability, and has certified therewith the evidence taken at the trial. The case also shows that the plaintiff, in support of his contention, offered in evidence the lease he made of the premises to a Mrs. Coleman, which was made in the name of the son as lessor, and signed by him, without any reference to the character in which he signed, whether as agent or otherwise. Plaintiff then called as a witness the son, who was permitted to testify, over objection, that in signing the lease he was representing Mrs. Schuman, the defendant. The grounds of objection were that the evidence was irrelevant, and that the agency could not be proven by the agent himself, and it is the admission of this testimony which defendant assigns as the second ground for reversal. We will deal with this ground for error now before further discussing the other ground alleged. The evidence, if otherwise legal, was certainly relevant to the question of agency. We think the evidence was also admissible upon well-settled rules. The principle involved must not be confused with that which applies when the admissions or declarations of an agent are offered in proof of his agency. The rule in support of the admission of the evidence objected to will be found discussed in 2 *Whart. Ev.* 949, 952, where the learned author says: "The distinction to be kept in mind is that while parol evidence cannot be received to discharge a party, it may be received when its effect is to show that another party, namely, the principal, is also bound." See, also, *Id.* 920. And in *Rice* v. *Gove,* 16 *Pick.* 158, 160, Justice Dewey, speaking of this principle as found in the books and cases, says: "It seems to be broad enough to support the position that, in an action against the principal, the authority of the agent to act may be proved by the agent himself." See, also, 1 *Am. & Eng. Encycl. L.* (*2d ed.*) 969. The evidence was properly admitted.

In addition to this proof, it also appeared that the plaintiff testified to his having received authority to let the premises from defendant and her son; that they both came to his office at different times; that when Mrs. Schuman came she in-

structed him to rent the property; that he, in pursuance of those instructions, rented the property at $3,000 per year; that of his commissions of $150 there had been paid to him $42.50 in the form of a check, which he received by letter from Mrs. Schuman. The defendant produced a letter from E. M. Colloty & Company, on cross-examination of plaintiff, and had him identify it as written by his authority, which defendant offered in evidence. The letter read: "Mrs. Schuman: Dear Madam—Please mail check of balance of commissions on rental of your property on South Virginia avenue. We only ask commission on what rent you collect, which leaves a balance due of $82.50." It appears that no answer was made to the letter, and no denial of the facts therein stated was attempted at the trial. Mrs. Schuman did not attend and testify. We think, under the circumstances, there was no error in the refusal to nonsuit or to direct a verdict for the defendant, and the result is that the judgment below must be affirmed, with costs.